**STATISTICAL INFORMATION ONLY: Debtor must select the number of each of the following items included in the Plan.**

| 0 | Valuation of Security | 0 | Assumption of Executory Contract or Unexpired Lease | 0 | Lien Avoidance |

**Last revised: September 1, 2018**

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF NEW JERSEY

In Re:  
ALIM R. BOWMAN,

Case No.: _____18-18610 SLM_____

Judge: _____STACEY L. MEISEL_____

Debtor(s)

## Chapter 13 Plan and Motions

☐ Original    ☒ Modified/Notice Required    Date: _____JUNE 26, 2020_____

☐ Motions Included    ☐ Modified/No Notice Required

THE DEBTOR HAS FILED FOR RELIEF UNDER
CHAPTER 13 OF THE BANKRUPTCY CODE

**YOUR RIGHTS MAY BE AFFECTED**

You should have received from the court a separate *Notice of the Hearing on Confirmation of Plan*, which contains the date of the confirmation hearing on the Plan proposed by the Debtor. This document is the actual Plan proposed by the Debtor to adjust debts. You should read these papers carefully and discuss them with your attorney. Anyone who wishes to oppose any provision of this Plan or any motion included in it must file a written objection within the time frame stated in the *Notice*. Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated. This Plan may be confirmed and become binding, and included motions may be granted without further notice or hearing, unless written objection is filed before the deadline stated in the Notice. The Court may confirm this plan, if there are no timely filed objections, without further notice. See Bankruptcy Rule 3015. If this plan includes motions to avoid or modify a lien, the lien avoidance or modification may take place solely within the chapter 13 confirmation process. The plan confirmation order alone will avoid or modify the lien. The debtor need not file a separate motion or adversary proceeding to avoid or modify a lien based on value of the collateral or to reduce the interest rate. An affected lien creditor who wishes to contest said treatment must file a timely objection and appear at the confirmation hearing to prosecute same.

**The following matters may be of particular importance. Debtors must check one box on each line to state whether the plan includes each of the following items. If an item is checked as "Does Not" or if both boxes are checked, the provision will be ineffective if set out later in the plan.**

THIS PLAN:

☐ DOES ☒ DOES NOT CONTAIN NON-STANDARD PROVISIONS. NON-STANDARD PROVISIONS MUST ALSO BE SET FORTH IN PART 10.

☐ DOES ☒ DOES NOT LIMIT THE AMOUNT OF A SECURED CLAIM BASED SOLELY ON VALUE OF COLLATERAL, WHICH MAY RESULT IN A PARTIAL PAYMENT OR NO PAYMENT AT ALL TO THE SECURED CREDITOR. SEE MOTIONS SET FORTH IN PART 7, IF ANY.

☐ DOES ☒ DOES NOT AVOID A JUDICIAL LIEN OR NONPOSSESSORY, NONPURCHASE-MONEY SECURITY INTEREST. SEE MOTIONS SET FORTH IN PART 7, IF ANY.

Initial Debtor(s)' Attorney: ___HR___    Initial Debtor: ___AB___    Initial Co-Debtor: _____

**Part 1:  Payment and Length of Plan**

a. The debtor shall pay $ \_\_\_\_**\_\_\_\_ per \_\_\_MONTH\_\_\_ to the Chapter 13 Trustee, starting on \_\_\_MAY OF 2018\_\_\_ for approximately \_\_\_84\_\_\_ months.

b. The debtor shall make plan payments to the Trustee from the following sources:

  ☒  Future earnings

  ☐  Other sources of funding (describe source, amount and date when funds are available):

c. Use of real property to satisfy plan obligations:

  ☐ Sale of real property
  Description:
  Proposed date for completion: _____

  ☐ Refinance of real property:
  Description:
  Proposed date for completion: _____

  ☐ Loan modification with respect to mortgage encumbering property:
  Description:
  Proposed date for completion: _____

d. ☐ The regular monthly mortgage payment will continue pending the sale, refinance or loan modification.

e. ☒ Other information that may be important relating to the payment and length of plan:

   ** i. $9,868 paid in to date through March of 2020 (Over Twenty-Three (23) Months)
      ii. $571 per month, starting in April of 2020 through and including October of 2020 (7 Months)
      iii. $1,036 per month, starting in November of 2020, for a period of fifty-four (54) months

**Part 2:    Adequate Protection ☒ NONE**

    a.  Adequate protection payments will be made in the amount of $ _____ to be paid to the Chapter 13 Trustee and disbursed pre-confirmation to _____ (creditor).

    b.  Adequate protection payments will be made in the amount of $ _____ to be paid directly by the debtor(s) outside the Plan, pre-confirmation to: _____ (creditor).

**Part 3:    Priority Claims (Including Administrative Expenses)**

    a.    All allowed priority claims will be paid in full unless the creditor agrees otherwise:

| Creditor | Type of Priority | Amount to be Paid |
| --- | --- | --- |
| CHAPTER 13 STANDING TRUSTEE | ADMINISTRATIVE | AS ALLOWED BY STATUTE |
| ATTORNEY FEE BALANCE | ADMINISTRATIVE | BALANCE DUE: $ |
| DOMESTIC SUPPORT OBLIGATION | NONE AS TO DOMESTIC SUPPORT | $         BAL. DUE OF COUNSEL FEE |

    b.    Domestic Support Obligations assigned or owed to a governmental unit and paid less than full amount: Check one:

☒ None

☐ The allowed priority claims listed below are based on a domestic support obligation that has been assigned to or is owed to a governmental unit and will be paid less than the full amount of the claim pursuant to 11 U.S.C.1322(a)(4):

| Creditor | Type of Priority | Claim Amount | Amount to be Paid |
| --- | --- | --- | --- |
|  | Domestic Support Obligations assigned or owed to a governmental unit and paid less than full amount. |  |  |

**Part 4:   Secured Claims**

### a. Curing Default and Maintaining Payments on Principal Residence: ☐ NONE

The Debtor will pay to the Trustee (as part of the Plan) allowed claims for arrearages on monthly obligations and the debtor shall pay directly to the creditor (outside the Plan) monthly obligations due after the bankruptcy filing as follows:

| Creditor | Collateral or Type of Debt | Arrearage | Interest Rate on Arrearage | Amount to be Paid to Creditor (In Plan) | Regular Monthly Payment (Outside Plan) |
|---|---|---|---|---|---|
| THE MONEY SOURCE, INC. | MORTGAGE ARREARS RE: 10 HARRISON AVE., WEST ORANGE, NJ 07052 | $58,522.52 (Includes Pre-Petition Arrears of $35,391.36, Counsel Fees and Costs of $531 re: Stay Relief Motion & Post-Pet. Arrears of $22,600.16) | N/A | $58,522.52 | CONT'D PAYMENTS BY THE DEBTOR, DIRECTLY TO THE MONEY SOURCE, INC. STARTING JULY OF 2020 AND EACH MONTH THEREAFTER |

### b. Curing and Maintaining Payments on Non-Principal Residence & other loans or rent arrears: ☒ NONE

The Debtor will pay to the Trustee (as part of the Plan) allowed claims for arrearages on monthly obligations and the debtor will pay directly to the creditor (outside the Plan) monthly obligations due after the bankruptcy filing as follows:

| Creditor | Collateral or Type of Debt | Arrearage | Interest Rate on Arrearage | Amount to be Paid to Creditor (In Plan) | Regular Monthly Payment (Outside Plan) |
|---|---|---|---|---|---|
|  |  |  |  |  |  |

### c. Secured claims excluded from 11 U.S.C. 506: ☒ NONE

The following claims were either incurred within 910 days before the petition date and are secured by a purchase money security interest in a motor vehicle acquired for the personal use of the debtor(s), or incurred within one year of the petition date and secured by a purchase money security interest in any other thing of value:

| Name of Creditor | Collateral | Interest Rate | Amount of Claim | Total to be Paid through the Plan Including Interest Calculation |
|---|---|---|---|---|
|  |  |  |  |  |

**d. Requests for valuation of security, Cram-down, Strip Off & Interest Rate Adjustments** ☒ **NONE**

1.) The debtor values collateral as indicated below. If the claim may be modified under Section 1322(b)(2), the secured creditor shall be paid the amount listed as the "Value of the Creditor Interest in Collateral," plus interest as stated. The portion of any allowed claim that exceeds that value shall be treated as an unsecured claim. If a secured claim is identified as having "NO VALUE" it shall be treated as an unsecured claim.

**NOTE: A modification under this Section ALSO REQUIRES
the appropriate motion to be filed under Section 7 of the Plan.**

| Creditor | Collateral | Scheduled Debt | Total Collateral Value | Superior Liens | Value of Creditor Interest in Collateral | Annual Interest Rate | Total Amount to be Paid |
|---|---|---|---|---|---|---|---|
|  |  |  |  |  |  |  |  |

2.) Where the Debtor retains collateral and completes the Plan, payment of the full amount of the allowed secured claim shall discharge the corresponding lien.

**e. Surrender** ☐ **NONE**

Upon confirmation, the stay is terminated as to surrendered collateral only under 11 U.S.C. 362(a) and that the stay under 11 U.S.C 1301 be terminated in all respects. The Debtor surrenders the following collateral:

| Creditor | Collateral to be Surrendered | Value of Surrendered Collateral | Remaining Unsecured Debt |
|---|---|---|---|
| FLAGSHIP CREDIT CORPORATION | 2008 AUDI A6 | $UNKNOWN | SURRENDER. UNKNOWN AS TO AMOUNT OF DEFICIENCY. |

**f. Secured Claims Unaffected by the Plan** ☒ **NONE**

The following secured claims are unaffected by the Plan:

**g. Secured Claims to be Paid in Full Through the Plan**: ☒ **NONE**

| Creditor | Collateral | Total Amount to be Paid Through the Plan |
|---|---|---|
|  |  |  |

### Part 5: Unsecured Claims ☐ NONE

a. **Not separately classified** allowed non-priority unsecured claims shall be paid:

☐ Not less than $ _____ to be distributed *pro rata*

☐ Not less than _____ percent

☒ *Pro Rata* distribution from any remaining funds

b. **Separately classified unsecured** claims shall be treated as follows:

| Creditor | Basis for Separate Classification | Treatment | Amount to be Paid |
|---|---|---|---|
|  |  |  |  |

**Part 6:    Executory Contracts and Unexpired Leases  ☒ NONE**

(NOTE:  See time limitations set forth in 11 U.S.C. 365(d)(4) that may prevent assumption of non-residential real property leases in this Plan.)

All executory contracts and unexpired leases, not previously rejected by operation of law, are rejected, except the following, which are assumed:

| Creditor | Arrears to be Cured in Plan | Nature of Contract or Lease | Treatment by Debtor | Post-Petition Payment |
|---|---|---|---|---|
|  |  |  |  |  |

**Part 7:    Motions  ☒ NONE**

**NOTE:  All plans containing motions must be served on all potentially affected creditors, together with local form, *Notice of Chapter 13 Plan Transmittal*, within the time and in the manner set forth in D.N.J. LBR 3015-1. A *Certification of Service*, *Notice of Chapter 13 Plan Transmittal and valuation* must be filed with the Clerk of Court when the plan and transmittal notice are served.**

a. **Motion to Avoid Liens Under 11. U.S.C. Section 522(f).   ☒ NONE**

The Debtor moves to avoid the following liens that impair exemptions:

| Creditor | Nature of Collateral | Type of Lien | Amount of Lien | Value of Collateral | Amount of Claimed Exemption | Sum of All Other Liens Against the Property | Amount of Lien to be Avoided |
|---|---|---|---|---|---|---|---|
|  |  |  |  |  |  |  |  |

    **b. Motion to Avoid Liens and Reclassify Claim from Secured to Completely Unsecured.** ☒ **NONE**

The Debtor moves to reclassify the following claims as unsecured and to void liens on collateral consistent with Part 4 above:

| Creditor | Collateral | Scheduled Debt | Total Collateral Value | Superior Liens | Value of Creditor's Interest in Collateral | Total Amount of Lien to be Reclassified |
|---|---|---|---|---|---|---|
|  |  |  |  |  |  |  |

    **c. Motion to Partially Void Liens and Reclassify Underlying Claims as Partially Secured and Partially Unsecured.** ☒ **NONE**

The Debtor moves to reclassify the following claims as partially secured and partially unsecured, and to void liens on collateral consistent with Part 4 above:

| Creditor | Collateral | Scheduled Debt | Total Collateral Value | Amount to be Deemed Secured | Amount to be Reclassified as Unsecured |
|---|---|---|---|---|---|
|  |  |  |  |  |  |

### Part 8:   Other Plan Provisions

    **a. Vesting of Property of the Estate**

        ☒ Upon confirmation

        ☐ Upon discharge

    **b. Payment Notices**

Creditors and Lessors provided for in Parts 4, 6 or 7 may continue to mail customary notices or coupons to the Debtor notwithstanding the automatic stay.

### c. Order of Distribution

The Standing Trustee shall pay allowed claims in the following order:

1) Ch. 13 Standing Trustee commissions
2) Counsel Fees & Supp. Counsel Fees (Fully paid before other Claims)
3) Secured Claims and then Priority Claims
4) Unsecured Claims

### d. Post-Petition Claims

The Standing Trustee ☒ is, ☐ is not authorized to pay post-petition claims filed pursuant to 11 U.S.C. Section 1305(a) in the amount filed by the post-petition claimant.

## Part 9:    Modification ☒ NONE

If this Plan modifies a Plan previously filed in this case, complete the information below.

Date of Plan being modified: MAY 5, 2018                    .

| Explain below **why** the plan is being modified: | Explain below **how** the plan is being modified: |
|---|---|
| In addition to what was provided in the earlier modified plan which is being withdrawn, the new plan now provides for the post-petition arrears and legal fees and costs which were added to the plan per the order between the mortgagee and the Debtor. The plan calls for continued payments in the amount of what was called for in the earlier modified plan and then increased payments starting in November of 2020 to | cover all plan obligations. Payments are increasing as the Debtor returns to work and full employment and is at full earning capacity. In addition, time is required to allow the Debtor to catch on other other obligations which may have fallen behind during this period of lesser or no full regular employment in the capacity where the Debtor had worked before the onset of the virus. See earlier Covid certification in support. |

Are Schedules I and J being filed simultaneously with this Modified Plan?    ☐ Yes    ☒ No

## Part 10:    Non-Standard Provision(s): Signatures Required

Non-Standard Provisions Requiring Separate Signatures:

☒ NONE

☐ Explain here:

Any non-standard provisions placed elsewhere in this plan are ineffective.

**Signatures**

The Debtor(s) and the attorney for the Debtor(s), if any, must sign this Plan.

By signing and filing this document, the debtor(s), if not represented by an attorney, or the attorney for the debtor(s) certify that the wording and order of the provisions in this Chapter 13 Plan are identical to Local Form, *Chapter 13 Plan and Motions*, other than any non-standard provisions included in Part 10.

I certify under penalty of perjury that the above is true.

Date: JUNE 26, 2020                                         /S/ ALIM BOWMAN
                                                            Debtor

Date: _____                                _____
                                                            Joint Debtor

Date: JUNE 26, 2020                                         /S/ HERBERT B. RAYMOND, ESQ.
                                                            Attorney for Debtor(s)

United States Bankruptcy Court
District of New Jersey

In re:  
Alim R Bowman  
    Debtor

Case No. 18-18610-SLM  
Chapter 13

# CERTIFICATE OF NOTICE

District/off: 0312-2     User: admin     Page 1 of 2     Date Rcvd: Jun 26, 2020  
                   Form ID: pdf901     Total Noticed: 33

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Jun 28, 2020.

```
db            +Alim R Bowman,    10 Harrison Avenue,    West Orange, NJ 07052-5912
cr            +Flagship Credit Acceptance LLC,    c/o Morton & Craig, LLC,    110 Marter Avenue, Suite 301,
                Moorestown, NJ 08057-3124
cr            +Flagship Credit Corporation,    C/O Morton & Craig, LLC,    110 Marter Ave,    Suite 301,
                Moorestown, NJ 08057-3124
cr            +THE MONEY SOURCE, INC.,    Phelan Hallinan & Schmieg, PC,    400 Fellowship Road,    Suite 100,
                Mt. Laurel, NJ 08054-3437
517484507     +AHS Hospital Corp.,    PO Box 35510,    Newark, NJ 07193-0001
517484508     +AHS Hospital Corporation,    Attn: Richard Krieg, Esq.,    17 Prospect Street,
                Morristown, NJ 07960-6862
517484509     +American Diagnostic Imaging,    9-25 Alling Street,    Newark, NJ 07102-5376
517484510     +Automobile Insurance Surcharge Collectio,    PO Box 4850,    Trenton, NJ 08650-4850
517583969      EMERGENCY ASSOCIATES OF MONTCLAIR,    WAKEFIELD AND ASSOCIATES,    PO BOX 50250,
                KNOXVILLE,TN 37950-0250
517484514     +East Orange General Hospital,    300 Central Avenue,    East Orange, NJ 07018-2897
517484515      First Progress,    PO Box 9053,    Johnson City, TN 37615-9053
517484518     +IC System Inc,    PO Box 64378,    Saint Paul, MN 55164-0378
517484519     +Michael Harrison, Esq.,    3155 Route 10 East, Ste. 214,    Denville, NJ 07834-3430
517484520     +Phelan, Hallinan, Diamond & Jones, PC,    400 Fellowship Road, Ste. 100,
                Mount Laurel, NJ 08054-3437
517484521     +Quality Asset Recovery,    7 Foster Ave Ste 101,    Gibbsboro, NJ 08026-1191
517484522     +Remex Inc,    307 Wall Street,    Princeton, NJ 08540-1515
517484527     +The Money Source Inc,    500 S Broad Street,    Meriden, CT 06450-6755
517484528      Transworld,    PO Box 15618, Dept. 940,    Wilmington, DE 19850-5618
```

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.

```
smg            E-mail/Text: usanj.njbankr@usdoj.gov Jun 27 2020 01:28:05     U.S. Attorney,    970 Broad St.,
                Room 502,    Rodino Federal Bldg.,    Newark, NJ 07102-2534
smg           +E-mail/Text: ustpregion03.ne.ecf@usdoj.gov Jun 27 2020 01:28:02     United States Trustee,
                Office of the United States Trustee,    1085 Raymond Blvd.,    One Newark Center,    Suite 2100,
                Newark, NJ 07102-5235
517632292      E-mail/PDF: resurgentbknotifications@resurgent.com Jun 27 2020 01:31:53
                Ashley Funding Services, LLC its successors and,    assigns as assignee of Laboratory,
                Corporation of America Holdings,    Resurgent Capital Services,    PO Box 10587,
                Greenville, SC 29603-0587
517484511      E-mail/PDF: AIS.cocard.ebn@americaninfosource.com Jun 27 2020 01:33:12     Capital One,
                15000 Capital One Dr,    Richmond, VA 23238
517484512     +E-mail/PDF: AIS.cocard.ebn@americaninfosource.com Jun 27 2020 01:32:18     Capital One,
                PO Box 85617,    Richmond, VA 23285-5617
517484513      E-mail/Text: documentfiling@lciinc.com Jun 27 2020 01:26:35     Comcast,    PO Box 27505,
                Newark, NJ 07101
517635522     +E-mail/Text: bankruptcy@flagshipcredit.com Jun 27 2020 01:28:23     FLAGSHIP CREDIT ACCEPTANCE,
                PO BOX 3807,    Coppell, TX 75019-5877
517484517     +E-mail/Text: bankruptcy@flagshipcredit.com Jun 27 2020 01:28:23     Flagship Credit Acceptance,
                3 Christy Drive, Ste. 201,    Chadds Ford, PA 19317-9670
517592591     +E-mail/Text: bankruptcydpt@mcmcg.com Jun 27 2020 01:28:01     Midland Funding LLC,
                PO Box 2011,    Warren, MI 48090-2011
517634831     +E-mail/Text: bncmail@w-legal.com Jun 27 2020 01:28:20     SYNCHRONY BANK / Paypal Credit,
                c/o Weinstein & Riley, PS,    2001 Western Ave., Ste 400,    Seattle, WA 98121-3132
517484523     +E-mail/Text: bankruptcy@savit.com Jun 27 2020 01:29:12     Sa-vit Collection Agency,
                46 W Ferris Street,    East Brunswick, NJ 08816-2159
517484524     +E-mail/Text: bankruptcy@sw-credit.com Jun 27 2020 01:28:06     Southwest Credit Systems,
                4120 International Parkway,    Carrollton, TX 75007-1958
517525040     +E-mail/PDF: EBN_AIS@AMERICANINFOSOURCE.COM Jun 27 2020 01:31:55     T Mobile/T-Mobile USA Inc,
                by American InfoSource LP as agent,    4515 N Santa Fe Ave,    Oklahoma City, OK 73118-7901
517484529     +E-mail/Text: bankruptcydepartment@tsico.com Jun 27 2020 01:28:58     Transworld System Inc.,
                500 Virginia Drive, Ste. 514,    Fort Washington, PA 19034-2733
517607850     +E-mail/PDF: EBN_AIS@AMERICANINFOSOURCE.COM Jun 27 2020 01:32:40     Verizon,
                by American InfoSource LP as agent,    4515 N Santa Fe Ave,    Oklahoma City, OK 73118-7901
                                                                                                TOTAL: 15
```

```
              ***** BYPASSED RECIPIENTS (undeliverable, * duplicate) *****
517634552      THE MONEY SOURCE, INC.
517484525*    +Southwest Credit Systems,    4120 International Parkway,    Carrollton, TX 75007-1958
517484526*    +Southwest Credit Systems,    4120 International Parkway,    Carrollton, TX 75007-1958
517484516    ##+First Progress/First Equity,    PO Box 84010,    Columbus, GA 31908-4010
                                                                                   TOTALS: 1, * 2, ## 1
```

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.  
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

```
District/off: 0312-2          User: admin              Page 2 of 2                  Date Rcvd: Jun 26, 2020
                              Form ID: pdf901          Total Noticed: 33
```

***** BYPASSED RECIPIENTS (continued) *****

Addresses marked '##' were identified by the USPS National Change of Address system as undeliverable.  Notices will no longer be delivered by the USPS to these addresses; therefore, they have been bypassed.  The debtor's attorney or pro se debtor was advised that the specified notice was undeliverable.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Jun 28, 2020                                         Signature:  /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on June 26, 2020 at the address(es) listed below:

```
          Andrew L. Spivack    on behalf of Creditor    THE MONEY SOURCE, INC. nj.bkecf@fedphe.com
          Denise E. Carlon    on behalf of Creditor    THE MONEY SOURCE, INC. dcarlon@kmllawgroup.com,
           bkgroup@kmllawgroup.com
          Herbert B. Raymond    on behalf of Debtor Alim R Bowman herbertraymond@gmail.com,
           raymondmail@comcast.net;bankruptcyattorneys@comcast.net;herbertraymond@gmail.com;carbonell_c@hotm
           ail.com;kdelyon.raymond@gmail.com;herbertraymond5967@yahoo.com;raymondlaw5622@gmail.com;courtemai
           ls789@gmail.com
          John R. Morton, Jr.    on behalf of Creditor    Flagship Credit Acceptance LLC
           ecfmail@mortoncraig.com, mortoncraigecf@gmail.com
          John R. Morton, Jr.    on behalf of Creditor    Flagship Credit Corporation ecfmail@mortoncraig.com,
           mortoncraigecf@gmail.com
          Marie-Ann Greenberg    magecf@magtrustee.com
          Sherri Jennifer Smith    on behalf of Creditor    THE MONEY SOURCE, INC. nj.bkecf@fedphe.com,
           nj.bkecf@fedphe.com
          U.S. Trustee    USTPRegion03.NE.ECF@usdoj.gov
                                                                                              TOTAL: 8
```