Raymond and Raymond
Attorneys at Law
7 Glenwood Avenue, 4TH Floor
East Orange, New Jersey 07017
(973) 675-5622; (408) 519-6711 Telefax
Email: herbertraymond@gmail.com
Herbert B. Raymond; Jeffrey M. Raymond; Kevin de Lyon
Attorneys for the Debtor(s)

---

| | |
|---|---|
| IN RE: | UNITED STATES BANKRUPTCY COURT |
| | DISTRICT OF NEW JERSEY |
| | CHAPTER 13 |
| | CASE NO.: 18-18610 (SLM) |
| ALIM BOWMAN, | |
| 10 Harrison Avenue | |
| West Orange, NJ 07052 | |
| xxx-xx-2799 | |
| DEBTOR(S) | |

---

**DEBTOR'S CERTIFICATION IN SUPPORT**
**OF MODIFIED CHAPTER 13 PLAN**

Alim Bowman, Debtor in the above-captioned matter, of full age, hereby certifies as follows:

1. I am the Debtor in the above-captioned matter and I am filing this certification in support of the Modified Chapter 13 Plan which was filed with the Court.

2. Specifically, the Certification relates to the extension of the plan, under the 'Cares Act', Section 1113, to Eight-Four (84) months. That Section of the newly enacted law amends Section 1329 of the Bankruptcy Code by allowing plan modification, upon the Debtor's request. It allows modification if:

   a. "the debtor is experiencing or has experienced a material financial hardship due, directly or indirectly, to the Corona Virus Disease 2019 (COVID-19) Pandemic; and the modification is approved after notice and a hearing."

3. A plan under this section, "may not provide for payments over a period that expires more than seven years after the time that the first payment under the original confirmed plan was due."

4. I believe that I have directly experienced a material financial hardship as a result of the health pandemic allowing the plan extension to eighty-four (84) months as provided for in the Cares Act.

5. I was originally out of work due to health problems, an appendix issue, but when my health problems subsided the Coronoa pandemic prevented me from returning to work.

6. I am now employed as a driver/transporter with DSP Auto Sales in Irvington, New Jersey.  That income was reported on amended schedules that I filed with the Court in April of this year and the income and expense picture has not changed since the filing of the schedules.

7. The income and expense schedules show that I can make the payments provided for under the modified plan.

8. In terms of the regular employment, which I have as a carpenter with New York City District Council, though originally we were to return to work, currently, the Union is not open and no one is returning, at least not now.  This is obviously because of the virus situation.

9. I believe that we should be returning to work within the next few months.  However, even when we return to work, I will be on a waiting list, like other Union members, so it may be some time before things return to normal.  When I am called to work, it may be weeks before we fully return to some degree of

normalcy, at least what it was like in the past before the Corona Virus situation surfaced.

10. In addition, overtime which I had earned in the past while working for one employer[1], may be limited or non-existent, given the economic environment.

11. The plan, which I have filed with the Court, accounts for the current lack of regular employment, with my regular employer, the New York City District Council and instead relies on my income as a driver and the other sources scheduled.

12. The increased plan payment, which now includes the post-petition mortgage arrears, is premised on my return to work in the future with the District Council. I expect the return to work to occur before the end of the year, hopefully within the next couple of months. The regular employment will allow me to make the increased payments called for under the plan.

13. Even if I am not earning what I earned in the past at my regular employment with the District Counsel, if necessary, I can supplement that with the work as a driver which is a night position.

14. The health crisis was definitely the immediate and direct cause of the recent financial problems that I have suffered and what has prevented me from returning to normal in terms of my employment. Were it not for the health crisis, I would have been back to work early in the year after I overcame the health issues.

---

[1] I can work for one or many different employers as a Union Carpenter. The job term varies.

15. I sincerely believe that this qualifies as a material financial hardship as defined by Congress under the Care Act allowing for the extension of the plan term.  The act was clearly designed so that plan obligations may be paid over time, and in a manner, which I am able to afford so I do not fall behind and place my home in jeopardy of loss.

16. I certify that this information is true and correct.

Dated: July 8, 2020              /S/ ALIM BOWMAN
                                 ---------------------------------------
                                 ALIM BOWMAN, DEBTOR